TERESA SAULNIER *vs.* ALBERT J. BENFIELD.

Suffolk. October 22, 1928. — November 28, 1928.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction,* Accounting. *Equity Pleading and Practice,* Master: findings; Appeal.

A master, to whom was referred a suit in equity for an accounting as to sums paid by the plaintiff to the defendant in transactions relating to mortgages of personal property and for a discharge of mortgages, after findings as to transfers and payments by the plaintiff to the defendant for which no credit was given by the defendant, found that, about six months before the suit was brought, a compromise was agreed upon between the parties, by the terms of which the plaintiff was to pay the defendant $900; that the plaintiff had paid that sum and that the defendant had given credit therefor, but that the defendant had refused to discharge the mortgages on which he made claim in the suit; that the plaintiff had overpaid him about $2,943; and, as a conclusion, found that the plaintiff was entitled to a discharge of all the mortgages and that there was due him from the defendant the amount so overpaid. The evidence was not reported. A final decree in accordance with the findings was entered and the defendant appealed, contending that, in view of the finding that the parties agreed upon a compromise under which the plaintiff paid the defendant $900, the final decree should be limited to the discharge of the outstanding mortgages. *Held,* that

(1) There was nothing in the findings to show that the amount found due by the master on the date of the filing of the bill was included in the agreement of compromise which, the master found, never was carried out by the defendant;

(2) As nothing in the report showed that the findings were inconsistent with or contrary to one another or plainly wrong, the final decree must be affirmed.

BILL IN EQUITY, filed in the Superior Court on July 1, 1926, and described in the opinion.

The suit was referred to a master. Material facts found

by the master are stated in the opinion. By order of *Greenhalge*, J., the final decree described in the opinion was entered. The defendant appealed.

The case was submitted on briefs.

*J. J. Matthews*, for the defendant.

*J. W. Vaughan*, for the plaintiff.

CROSBY, J. This is a bill in equity for an accounting. The prayers of the bill are that the defendant be ordered to pay the plaintiff the amount found due, and to discharge certain mortgages executed to him by the plaintiff. The case was referred to a master. As the evidence is not reported his findings must stand unless upon the report they are mutually inconsistent or plainly wrong. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330, 334. *Simpkins* v. *Old Colony Trust Co.* 254 Mass. 576, 580. *Weiss* v. *Newman*, 255 Mass. 235.

The master made the following and other findings: that the plaintiff was in the business of buying and selling lodging houses in Boston; that for about twenty-five years the defendant had been in the business of lending money on chattel mortgages, particularly upon household furnishings; that from early in 1915 up to 1923 the plaintiff had borrowed money from the defendant, giving as security therefor mortgages on the contents of lodging houses; that there had been about fifteen transactions of this nature between the parties, and of all the mortgages recorded there were only two under which the defendant had made any claim, namely one for $1,200 and one for $400; that all the other mortgages had been paid and should have been discharged of record; that there was due on the $1,200 mortgage, including interest, the sum of $1,781; that the $400 mortgage had been paid in full; that the defendant had received from the plaintiff various sums of money; that the plaintiff had assigned to him at different specified times, a mortgage for $1,450 given to her by one Spence, a mortgage for $1,400 given to her by one Shaeffer, and a mortgage for $1,200 given to her by one Matthews, and that the defendant did not give her credit for the amounts due on any of these mortgages.

The master further found that in January, 1926, a com-

promise was agreed upon between the parties, by the terms of which the plaintiff was to pay the defendant $900; that she has paid this sum and it has been credited to her by the defendant, but he has refused to discharge the mortgages on which he now makes claim; that the plaintiff has overpaid him the difference between $4,724 and the amount of one mortgage upon which there is due $1,781. In conclusion the master found that the plaintiff is entitled to a discharge of all mortgages given by her to the defendant at the date of the filing of the bill, and that there is due her from him the sum of $2,943.

After the filing of the master's report, a motion was allowed in the Superior Court for the recommittal of the report for the purpose of allowing the defendant to file written objections thereto, and to order the master to append to his report all exceptions to the admission and exclusion of evidence. Thereafter the master filed a supplementary report wherein is set forth certain evidence which was offered by the plaintiff and admitted subject to the defendant's exception. This evidence need not be referred to in detail; we have carefully considered it, and find no error in its admission.

The report was confirmed and a final decree was entered ordering that an execution issue for the amount found to be due from the defendant to the plaintiff, namely, $2,943 with interest, and costs of suit; and that the defendant discharge all mortgages of record between the parties.

It is the contention of the defendant that, in view of the finding that the parties agreed upon a compromise under which the plaintiff paid the defendant $900, the final decree should be limited to the discharge of the outstanding mortgages. The master in this connection found that the defendant failed to carry out the agreement of compromise and refused to discharge the mortgages under which he now makes claim. There is nothing in the findings to show that the amount found due by the master on the date of the filing of the bill was included in the agreement of compromise which, the master found, never was carried out by the defendant.

As nothing in the report shows that the findings are inconsistent or contrary to one another or plainly wrong, the final decree must be affirmed.

*Ordered accordingly.*